UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
New Albany Division

FILED

OCT 2 9 2018

US DISTRICT COURT
NEW ALBANY DIVISION

GREG COTTRELL
8851 LaGrange Road
Pendleton, KY 40055

       Plaintiff

v.

Claim No.:  18-cv- 0 2 0 0 RLY -DML

CLARK COUNTY SHERIFF'S DEPARTMENT,
JAMEY NOEL, BRAD JONES,
MIKE HAMMOND, BENJAMIN DOOLEY,
ATHENA KRAMER, ADAM FRENCH
501 E. Court Avenue
Jeffersonville, IN 47130

       Defendant

## COMPLAINT AND REQUEST FOR TRIAL BY JURY

Now into Court comes Plaintiff, Greg Cottrell, through undersigned counsel and files this

Complaint and Request for Trial by Jury against the Defendants, and alleges as follows:

### I.    NATURE OF THE ACTION

Mr. Cottrell brings this action in order to recover damages based upon:

   a. Deprivation of rights protected under 42 U.S.C. § 1983, specifically violations of Mr. Cottrell's rights guaranteed under the Eighth Amendment extended and guaranteed to him under the Fourteenth Amendment, and supplemental State tort claims.

   b. Mr. Cottrell seeks damages, declaratory judgment, costs and attorney's fees associated with bringing this suit, as well as punitive damages, incurred as a proximate result of the Defendants' actions.

### II.    JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to 28 U.S.C. §§1331, 1343 and 2201.

   This suit is a legal action for damages pursuant to 42 U.S.C. §1983 and supplemental

   State tort claims.

1

2. This Court has jurisdiction over the Supplemental State claims set out herein pursuant to 28 U.S.C. §1367.

3. All Defendants reside, may be found, or transact business within the Southern District of Indiana.

4. This Court has personal jurisdiction over the Defendants who at all times relevant conducted business in Clark County, Indiana.

5. Venue is appropriate in this Court because of the proximity of this Court to Clark County, Indiana.

### III.     PARTIES

6. Plaintiff, Greg Cottrell ("Mr. Cottrell") is a person of the full age of majority and at all times relevant was incarcerated in the Clark County Jail located in Clark County, Indiana. Mr. Cottrell is a resident of Jeffersonville Indiana, but since his release, Mr. Cottrell has resided in Pendleton County, Kentucky.

7. Defendant, Clark County Sheriff's Department ("Defendant Department") is a governmental entity of Clark County Indiana and is tasked with operating the Clark County Jail located in Jeffersonville, Clark County Indiana.

8. Defendant Jamey Noel is the elected Sheriff of Clark County, and at all times relevant was responsible for matters occurring in the Clark County Jail.

9. Defendant Brad Jones, Chief, is the jail commander of the Clark County Jail, and at all times relevant was responsible for matters occurring in the Clark County Jail.

10. Defendant Mike Hammond was at all times relevant a member of the medical department of the Clark County Jail or employed by Defendant Sheriff's Department in some capacity in the Clark County Jail.

11. Defendant Benjamin Dooley, LPN was at all times relevant a member of the medical department of the Clark County Jail.

12. Defendant Athena Kramer, LPN was at all times relevant a member of the medical department of the Clark County Jail.

13. Defendant Adam French, MD was at all times relevant a member of the medical department of the Clark County Jail as the treating physician.

## IV.    FACTS

14. On November 1, 2016 Lts. Ueding, Broady and Officers Makowsky, O'Neil, and Gordon, went to Mr. Cottrell's home to issue a warrant for his arrest.

15. At the time officers arrived at the residence, Mr. Cottrell was in the attic checking the ductwork of his furnace to determine why he was not getting adequate heat to the kitchen.

16. Mr. Cottrell's roommate, Jeffrey Boyer, closed the attic door.

17. Mr. Cottrell did not know why the door was closed or what was going on below, but he hid behind a significant number of boxes stacked in the attic to protect himself.

18. According to Officer Makowsky's report, the officers opened the attic door and announced their presence and purpose for being at the residence.  With the furnace running and the numerous boxes, Mr. Cottrell neither heard the officers identify themselves nor their order that he exit the attic.

19. Lt. Ueding requested Sgt. Leverett responded to the house with his K-9.

20. Officer Makowsky claimed in his report that the K-9 unit was announced to Mr. Cottrell. He did not hear that notice.

21. Sgt. Leverett released the K-9 into the attic where it located Mr. Cottrell and locked onto his arm.

22. Officer Makowsky acknowledged that the K-9 engaged Mr. Cottrell, but the officers did not call off the dog.

23. According to Officer Makowsky's report he, Sgt. Leverett and Officer O'Neil entered the attic space and observed the K-9 biting Mr. Cottrell's arm.

24. Mr. Cottrell fell through the ceiling in his attempt to free himself from the K-9's bite.

25. Mr. Cottrell was transported by Yellow EMS to Clark Memorial Hospital Emergency Room.  Upon information and belief, Lt. Broady, Officer Anderson and Officer Makowsky were at the hospital.

26. Mr. Cottrell's discharge papers from Clark Memorial Hospital instructed him to take his medication as prescribed, remove his arm from the sling every 1 – 2 hours for range of motion, follow up with orthopedics, Neosporin the wound twice a day, have the sutures removed in 7 – 10 days and do not soak in water.

27. The officers booked Mr. Cottrell into the Clark County Jail where he continued to bleed profusely from an open wound.

28. On information and belief, at all times relevant, Defendant Sheriff's Department had a medical staff which included but was not necessarily limited to Defendant Dooley, Defendant Hammond, Defendant Kramer and Defendant French.

29. On or about November 1, 2016, upon his being booked in, Mr. Cottrell was initially seen by Defendant Dooley who noted the medical record that:

PT seen by medical in booking via CO tx.  Pt arrived from hospital rt police K9 bite to R upper arm.  There are multiple lacerations and stichs [sic] to arm. Officer stated that there was an Xray and MRI done, showing possible ligment [sic] damage but no fractures.  Pt c/o pain.  CMH sent scripts for Advil and Augmentin.  Will start meds as ordered.  Nothing further at this time.

30. On or about November 2, 2016, Defendant Hammond dictated a medical note stating:

4

> Inmate held in H-10, Laying on bunk on right arm, bicep area traumatised [sic], Patient seen at hospital last Noc, DX of Biceps Tendon Disruption, With Abdominal Pain, Cervical Strain and Sprain (Whiplash). Inmate covered with blood on his back and arm, due to bleeding from the traumatised [sic] area on bicep. All areas cleaned and dried, will apply antibiotic oint [sic] later today. Inmate sat on Augmentin, and Advil protocol, nothing further at this time.

31. Mr. Cottrell was held in the book-in area for approximately twenty (20) days because of the bleeding. Mr. Cottrell had to request something to soak up the blood, and officers provided him towels which became soaked and had to be changed. He was provided no bandages or medical care.

32. On or about Defendant Kramer dictated a medical note stating:

> Patient was seen in booking this AM for a follow up on dog bite. At this time the right arm/fingers appears to be healing well Patient is to continue on antibiotics at this time.

33. Mr. Cottrell's arm bled for the first month he was incarcerated.

34. Mr. Cottrell was not seen by Defendant Sheriff's Department's medical staff again until on or about November 21, 2016 when Defendant Hammond dictated the following:

> Inmate seen in med office this AM, Per request from Medical Inquiry, Requesting to be seen due to (R) Arm at Upper Bicep/Shoulder area, Injury suffered per Dog Bite. Inmate has a open wound at upper bicep, the stitches, fell out leaving an open area measuring approx. 10mm x 5mm, good granulation noted, started inmate on a Wet to dry dressing, will monitor for progress, supplies given so inmate can care for would him self [sic]. Inmate also c/o numbness located at forearm, there is a lg Mass noted under affected bicep, will f/u with Dr. French this Wednesday. Nothing further at this time.

35. Mr. Cottrell's discharge papers from Clark Memorial Hospital instructed that the sutures be removed in 7 to 10 days.

36. On or about November 23, 2016 Mr. Cottrell was seen by Defendant French who dictated:

> Pt states has issue on right upper arm, has open wound, on upper right arm, had a dog bite to upper right arm, now has large swollen area to right upper arm, the

5

two bite wounds appear to be healing well, no purulent discharge, will get u/s to eval for possible abscess evaluation

37. On November 23, 2016 a note was entered into Mr. Cottrell's medical record maintained

by Defendant Sheriff's Department which read:

It should be noted that patient was seen and cleared by Clark Memorial Hospital ER on 11/1/16 before being booked into CCJ. ER prescribed Augmentin antibiotic. When checking patient's MAR, he missed 10 doses of antibiotic.

38. Mr. Cottrell was not cleared by Clark Memorial Hospital. The Clark Memorial Hospital

Evaluation Summary dated November 1, 2016 instructed Mr. Cottrell to see Dr. David

White within 10 – 14 days and to follow-up with Dr. Brent Walz, an orthopedic surgeon

regarding the bicep tendon disruption.

39. On or about December 9, 2016 Mr. Cottrell was seen by Defendant Kramer who dictated:

Records sent to Dr. French (ultrasound of the arm, showed abscess present). Per Dr. French patient is to start Bactrim DS BID x 14 days and apply warm compresses.

40. On or about December 9, 2016 Mr. Cottrell was seen by Defendant French who dictated

in all capital letters:

PT CPMPLAINS OF RIGHT UPPER ARM SWELLING AND MUSCLE DEFECT AND STATES THAT HE HAS NO STRENGTH IN HIS UPPER RIGHT ARM, OCCURRED FROM A DOG BITE

EXAM REVEALS MUSCULAR DEFECT OF RIGHT UPPER EXTREMITY WITH REDNESS AND INDURATION

WILL REFER TO ORTHO FOR FURTHER EVALUATION

41. On or about December 16, 2016 an entry was made to Mr. Cottrell's medical record:

Spoke with Ortho Surgeons, to set up an apt. I was informed that they usually don't deal with dog bites, maybe surgical assoc. would be a better option. I explained that the wound is healing, but doctor wanted to make sure there was no bone damaged. It was suggested that we get an xray first to see if bone damage was present, and if there is, she could make an apt then. An xray will be set up 1st available.

42. A dictation by Defendant Kramer dated December 22, 2016 stated:

   X ray results show no fractures or dislocations noted at this time along with no foreign bodies.  Results will now be faxed to jail doctors for review and tx plan.

43. A text entry dated December 28, 2016 stated:

   Doctor French signed off on xray, due to no bone damage, apt not needed for ortho surgeons.

44. Mr. Cottrell made numerous medical requests over the first four (4) months of his incarceration seeking treatment and care for his arm wound.

45. On or about February 24, 2017, over three months after his incarceration, Mr. Cottrell was taken to Kleinert, Kutz and Associates where he was diagnosed with right deltoid rupture, right shoulder adhesive capsulitis and right cub TC.  The medical history of his present illness noted the injury was the result of a dog bite four months earlier, that Mr. Cottrell had an abscess on the posterior arm compartment and that he was treated twice for infection with antibiotics.

46. Kleinert, Kutz and Associates informed Mr. Cottrell that because of the length of time that elapsed between the date of injury on November 1, 2016 and the February 24, 2017 appointment, it was determined that the damage to the muscle and nerves was permanent.

47. Mr. Cottrell has been diagnosed with right shoulder defect of the deltoid with adhesions, right shoulder stiffness cervical radiculopathy with burning.

48. An MRI evidenced adhesive capsulitis as well as SLAP and PASTA tears.

49. Mr. Cottrell's doctor attributes the additional complications of adhesive capsulitis, carpal and cubital tunnel compression and weakness to the original injury.

50. In addition to the damage, the arm is now deformed.

51. With timely surgical intervention Mr. Cottrell would not have developed the secondary complications.

52. At the time he was injured Mr. Cottrell was a 49 year old diesel mechanic working forty (40) to fifty (50) hours per week.  He reasonably had a work expectancy as a diesel mechanic for sixteen more years.  The injury is to Mr. Cottrell's right deltoid muscle, which is his dominant side, and as a result of the injuries, Mr. Cottrell can no longer perform the tasks required to be a diesel mechanic.

53.  Mr. Cottrell was incarcerated in the Clark County Jail from the date of his arrest on November 1, 2016 until his release in May 2017.

54. At no time during that period did he receive adequate and timely medical care.

## V.    CAUSES OF ACTION

### Causes of Action I through VII
### Violations of 42 U.S.C. §1983

Mr. Cottrell re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 55  this Complaint, as if those statements were fully articulated within this cause of action.

55. Pursuant to 42 U.S.C. §1983, persons deprived of federal constitutional rights may bring a private action for damages against individual officers and units of local government.

56. In order to prove a claim under 42 U.S.C. §1983, a plaintiff must demonstrate that (1) the defendant deprived him of a right secured by the Constitution or any law of the United States, and (2) the deprivation of that right resulted from the defendant acting under color of law.

57. An inmate must meet a two-part test to prove a constitutional deprivation of medical care: (1) that his medical needs were "objectively, sufficiently serious," and (2) that a

government official was deliberately indifferent to those needs.

## Cause of Action I
## Violations of 42 U.S.C. §1983
### As to Defendant Clark County Sheriff's Department

58. At all times relevant, Defendant Sheriff's Department was responsible for managing the Clark County Jail and to ensure the safety and care of the detainees in their care, custody and control.

59. The Clark County Sheriff's Department as a custodian of detainees is obligated to exercise reasonable care to preserve the life, health, and safety of the person in custody.

60. Mr. Cottrell has been harmed by the Clark County Sheriff's Department, through its employees' actions in the course and scope of their duties, by their failure to provide timely and adequate health care.

61. Defendant Sheriff's Department, by and through its employees acting in their official capacities violated Mr. Cottrell's Eighth Amendment Rights to be free from cruel and unusual punishment by their deliberate indifference to inmate needs by their failure or refusal to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of Defendant Sheriff's Department employees in how to provide timely and reasonable medical care to detainees, and particularly Mr. Cottrell, who are in the care, custody and control of the Clark County Jail and who clearly evidence they have a serious medical condition and needs.

62. Defendant Sheriff's Department, by and through its employees acting in their official and personal capacities, violated Mr. Cottrell's Eighth Amendment Right to be free from cruel and unusual punishment by their failure or refusal to provide reasonable and timely medical care for his clearly evident and severe medical condition and needs.

63. Defendant Sheriff's Department, by and through its employees acting in their official and personal capacities, violated Mr. Cottrell's Eighth Amendment Right to be free from cruel and unusual punishment by their failure and/or refusal to follow policies and/or procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and severe medical condition and needs.

**Cause of Action II**
**Violations of 42 U.S.C. §1983 as to Defendant Noel**

64. Defendant Noel, the elected Clark County Sheriff acting in his official capacity, violated Mr. Cottrell's Eighth Amendment Rights to be free from cruel and unusual punishment by his deliberate indifference to Mr. Cottrell's needs, specifically by his failure to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of Defendant Sheriff's Department employees in how to provide timely and reasonable medical care to detainees who are in the care, custody and control of the Clark County Jail, and particularly to Mr. Cottrell, by failing to provide medical care for his clearly evident and serious medical condition and needs.

65. Defendant Noel, the elected Clark County Sheriff acting in his official capacity, violated Mr. Cottrell's Eighth Amendment Rights to be free from cruel and unusual punishment by his deliberate indifference to Mr. Cottrell's needs, specifically by being grossly deficient in Defendant Sheriff's Department staffing, its equipment, and/or its procedures such that Mr. Cottrell was effectively denied timely access to adequate medical care.

**Cause of Action III**
**Violations of 42 U.S.C. §1983 as to Defendant Jones**

66. Defendant Jones, Commander of the Clark County Jail acting in his official capacity, violated Mr. Cottrell's Eighth Amendment Rights to be free from cruel and unusual

punishment by his deliberate indifference to Mr. Cottrell's needs, specifically by his

failure to promulgate, implement, maintain and enforce sufficient policies, procedures

and/or training of Defendant Sheriff's Department employees in how to provide timely

and reasonable medical care to detainees who are in the care, custody and control of the

Clark County Jail, and particularly Mr. Cottrell, by failing to provide medical care for his

clearly evident and serious medical condition and needs.

67. Defendant Jones, Commander of the Clark County Jail acting in his official capacity,

violated Mr. Cottrell's Eighth Amendment Rights to be free from cruel and unusual

punishment by his deliberate indifference to inmate needs, specifically by being grossly

deficient in Defendant Sheriff's Department staffing, its equipment, and/or its procedures

such that Mr. Cottrell was effectively denied timely access to adequate medical care.

**Cause of Action IV**
**Violations of 42 U.S.C. §1983 as to Defendant Hammond**

68. Defendant Hammond, acting in his official and personal capacities, violated Mr.

Cottrell's Eighth Amendment Right to be free from cruel and unusual punishment by his

deliberate indifference to policies and/or procedures designed to provide detainees, and

particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and

serious medical condition and needs.

69. On multiple occasions Defendant Hammond observed Mr. Cottrell's wound and was

deliberately indifferent Mr. Cottrell's needs by his failure and refusal to take action to

provide appropriate and timely medical care for Mr. Cottrell's clearly evident and serious

medical condition and needs.

## Cause of Action V
### Violations of 42 U.S.C. §1983 as to Defendant Dooley

70. Defendant Dooley, acting in his official and personal capacities, violated Mr. Cottrell's Eighth Amendment Right to be free from cruel and unusual punishment by his deliberate indifference to follow policies and/or procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

71. On multiple occasions Defendant Dooley observed Mr. Cottrell's wound and was deliberately indifferent Mr. Cottrell's needs by his failure and refusal to take action to provide appropriate and timely medical care for Mr. Cottrell's clearly evident and serious medical condition and needs.

## Cause of Action VI
### Violations of 42 U.S.C. §1983 as to Defendant Kramer

72. Defendant Kramer, acting in her official and personal capacities, violated Mr. Cottrell's Eighth Amendment Right to be free from cruel and unusual punishment by her deliberate indifferenc to follow policies and/or procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

73. On multiple occasions Defendant Kramer observed Mr. Cottrell's wound and was deliberately indifferent Mr. Cottrell's needs by her failure and refusal to take action to provide appropriate and timely medical care for Mr. Cottrell's clearly evident and serious medical condition and needs.

## Cause of Action VII
### Violations of 42 U.S.C. §1983 as to Defendant French

74. Defendant French, acting in his official and personal capacities, violated Mr. Cottrell's

Eighth Amendment Right to be free from cruel and unusual punishment by his deliberate indifference to follow policies and/or procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

75. On multiple occasions Defendant French observed Mr. Cottrell's wound and was deliberately indifferent Mr. Cottrell's needs by his failure and refusal to take action to provide appropriate and timely medical care for Mr. Cottrell's clearly evident and serious medical condition and needs.

76. Defendant French was deliberately indifferent to Mr. Cottrell's severe and evident medical condition when he recalled an order that Mr. Cottrell be seen by a specialist.

### Cause of Action VIII through XIV
### Negligence

Mr. Cottrell re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 77  this Complaint, as if those statements were fully articulated within this cause of action.

77. The elements of a negligence cause of action consist of (1) a duty owed to the plaintiff, (2) a breach of that duty by defendant (3) which proximately causes (4) plaintiff's damages.

78. A duty exists for the custodian of inmates to exercise reasonable care to preserve the life, health, and safety of the person in custody.

79. As set forth below, the Defendants' breach their duty to Mr. Cottrell proximately causing his damages.

## Cause of Action VIII
### Negligence on Behalf of Defendant Sheriff's Department

80. Defendant Sheriff's Department, by and through its employees acting in their official capacities was negligent in its failure to promulgate, implement, maintain and/or enforce sufficient policies, procedures and/or training of its employees in how to provide timely and reasonable medical care to detainees, and particularly Mr. Cottrell, in the care, custody and control of the Clark County Jail and who evidence a clearly serious medical condition.

81. Defendant Sheriff's Department, by and through its employees acting in their official capacities was negligent by being deficient in its staffing, its equipment, and/or its procedures such that Mr. Cottrell was effectively denied timely access to adequate medical care.

82. Defendant Sheriff's Department, by and through its employees acting in their official capacities, was negligent by their failure to follow policies and/or procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for clearly evident and serious medical condition and needs.

83. Mr. Cottrell has been harmed by the Clark County Sheriff's Department, through its employees' actions in the course and scope of their duties, by their failure to provide a safe facility and adequate health.

## Cause of Action IX
### Negligence on Behalf of Defendant Noel

84. Defendant Noel, acting in his official capacity, was negligent by his failure to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of Defendant Sheriff's Department employees in how to provide timely and

reasonable medical care to detainees, and particularly Mr. Cottrell, who are in the care, custody and control of the Clark County Jail and who evidence a clearly serious medical condition and needs.

85. Defendant Noel, acting in his official capacity, was negligent by being grossly deficient in staffing, equipping, and/or providing procedures to the Clark County Jail, such that Mr. Cottrell was effectively denied timely access to adequate medical care.

86. Defendant Noel, acting in his official capacity, was negligent by failing to staff, equip, or provide procedures such that Mr. Cottrell was effectively denied timely access to adequate medical care.

**Cause of Action X**
**Negligence on Behalf of Defendant Jones**

87. Defendant Jones, acting in his official capacity, was negligent by his failure to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of Defendant Sheriff's Department employees in how to provide timely and reasonable medical care to detainees, and particularly Mr. Cottrell, who are in the care, custody and control of the Clark County Jail and who evidence a clearly serious medical condition and needs.

88. Defendant Jones, acting in his official capacity, was negligent by being grossly deficient in staffing, equipping and/or providing procedures to the Clark County Jail such that Mr. Cottrell was effectively denied timely access to adequate medical care.

89. Defendant Jones, acting in his official capacity, was negligent by failing to staff, equip, or provide procedures such that Mr. Cottrell was effectively denied timely access to adequate medical care.

**Cause of Action XI**
**Negligence on Behalf of Defendant Hammond**

90. Defendant Hammond, acting in his official and personal capacities, was negligent by failing to follow policies and/or procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

91. On multiple occasions Defendant Hammond observed Mr. Cottrell's wound and was negligent by his failure to take action to provide appropriate and timely medical care for Mr. Cottrell's clearly evident and serious medical condition and needs.

**Cause of Action XII**
**Negligence on Behalf of Defendant Dooley**

92. Defendant Dooley, acting in his official and personal capacities, was negligent by failing to follow policies and/or procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

93. Defendant Dooley, as a nurse acting in his personal capacity, was negligent in that the care he provided to Mr. Cottrell fell below the acceptable standard of care.

94. On multiple occasions Defendant Hammond observed Mr. Cottrell's wound and was negligent by his failure to take action to provide appropriate and timely medical care for Mr. Cottrell's clearly evident and serious medical condition and needs.

**Cause of Action XIII**
**Negligence on Behalf of Defendant Kramer**

95. Defendant Kramer, acting in her official and personal capacities, was negligent by failing to follow policies and/or procedures designed to provide detainees, and particularly Mr.

Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

96. Defendant Kramer, as a nurse acting in her personal capacity, was negligent in that the care she provided to Mr. Cottrell fell below the acceptable standard of care.

97. On multiple occasions Defendant Kramer observed Mr. Cottrell's wound and was negligent by her failure to take action to provide appropriate and timely medical care for Mr. Cottrell's clearly evident and serious medical condition and needs.

**Cause of Action XIV**
**Negligence on Behalf of Defendant French**

98. Defendant French, acting in his official and personal capacities, was negligent by failing to follow policies and/or procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

99. Defendant French, as a physician acting in his personal capacity, was negligent in that the care he provided to Mr. Cottrell fell below the acceptable standard of care.

100. On multiple occasions Defendant French observed Mr. Cottrell's wound and was negligent by his failure to take action to provide appropriate and timely medical care for Mr. Cottrell's clearly evident and serious medical condition and needs.

101. Defendant French was negligent and his care fell below the reasonable standard of care when he recalled an order that Mr. Cottrell be seen by a specialist.

## Cause of Action XV
## Declaratory Relief

Mr. Cottrell re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 102 of this complaint, as if those statements were fully articulated within this cause of action.

102.     A court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

103.     Mr. Cottrell seeks the Court to declare that he has been harmed by the Defendant Sheriff's Department, through its employees' by their failure to provide a safe facility and adequate health care for an evident and serious medical condition.

104.     Mr. Cottrell seeks the Court to declare that Defendant Sheriff's Department, by and through its employees, violated his Eighth Amendment Rights to be free from cruel and unusual punishment by their failure or refusal to promulgate, implement, maintain, enforce and/or follow policies and procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

105.     Mr. Cottrell seeks the Court to declare that Defendant Sheriff's Department, by and through its employees, violated his Eighth Amendment Rights to be free from cruel and unusual punishment by their deliberate indifference to his needs, specifically by being grossly deficient in its staffing, its equipment, or its procedures such that Mr. Cottrell was effectively denied timely access to adequate medical care.

106.     Mr. Cottrell seeks the Court to declare that Defendant Noel violated his Eighth Amendment Rights to be free from cruel and unusual punishment by his deliberate indifference to Mr. Cottrell's needs, specifically by his failure to promulgate, implement,

maintain and/or enforce sufficient policies, procedures and/or training of Defendant

Sheriff's Department employees in how to provide timely and reasonable medical care to

detainees who are in the care, custody and control of the Clark County Jail and who

clearly evidence they have a  serious medical condition and needs.

107.    Mr. Cottrell seeks the Court to declare that Defendant Noel violated his Eighth

Amendment Rights to be free from cruel and unusual punishment by his deliberate

indifference to Mr. Cottrell's needs, specifically by being grossly deficient in Defendant

Sheriff's Department staffing, its equipment, or its procedures such that Mr. Cottrell was

effectively denied timely access to adequate medical care.

108.    Mr. Cottrell seeks the Court to declare that Defendant Jones violated his Eighth

Amendment Rights to be free from cruel and unusual punishment by his deliberate

indifference to Mr. Cottrell's needs, specifically by his failure to promulgate, implement,

maintain and/or enforce sufficient policies, procedures and/or training of Defendant

Sheriff's Department employees in how to provide timely and reasonable medical care to

detainees who are in the care, custody and control of the Clark County Jail and who

clearly evidence they have a  serious medical condition and needs.

109.    Mr. Cottrell seeks the Court to declare that Defendant Jones violated his Eighth

Amendment Rights to be free from cruel and unusual punishment by his deliberate

indifference to inmate needs, specifically by being grossly deficient in Defendant

Sheriff's Department staffing, its equipment, or its procedures such that Mr. Cottrell was

effectively denied timely access to adequate medical care.

110.    Mr. Cottrell seeks the Court to declare that Defendant Hammond, acting in his

official and personal capacities, violated his Eighth Amendment Right to be free from

cruel and unusual punishment by his failure and/or refusal to follow policies and/or procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

111.    Mr. Cottrell seeks the Court to declare that Defendant Dooley, acting in his official and personal capacities, violated his Eighth Amendment Right to be free from cruel and unusual punishment by his failure and/or refusal to follow policies and/or procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

112.    Mr. Cottrell seeks the Court to declare that Defendant Kramer, acting in her official and personal capacities, violated his Eighth Amendment Right to be free from cruel and unusual punishment by her failure and/or refusal to follow policies and/or procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

113.    Mr. Cottrell seeks the Court to declare that Defendant French, acting in his official and personal capacities, violated his Eighth Amendment Right to be free from cruel and unusual punishment by his failure and/or refusal to follow policies and/or procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

114.    Mr. Cottrell seeks the Court to declare that Defendant Sheriff's Department, by and through its employees acting in their official capacities was negligent in its failure to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of its employees in how to provide timely and reasonable medical care to

detainees, and particularly Mr. Cottrell, in the care, custody and control of the Clark County Jail and who clearly evidence they have a serious medical condition and needs.

115.    Mr. Cottrell seeks the Court to declare that Defendant Sheriff's Department, by and through its employees acting in their official capacities was negligent by being deficient in its staffing, its equipment, or its procedures such that Mr. Cottrell was effectively denied timely access to adequate medical care.

116.    Mr. Cottrell seeks the Court to declare that Defendant Sheriff's Department, by and through its employees acting in their official capacities, was negligent by their failure to follow policies and/or procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

117.    Mr. Cottrell seeks the Court to declare that Mr. Cottrell has been harmed by the Clark County Sheriff's Department, through its employees' actions in the course and scope of their duties, by their failure to provide a safe facility and adequate healthcare.

118.    Mr. Cottrell seeks the Court to declare that Defendant Noel, acting in his official capacity, was negligent by failing to staff, equip, or provide procedures such that Mr. Cottrell was effectively denied timely access to adequate medical care.

119.    Mr. Cottrell seeks the Court to declare that Defendant Noel, acting in his official capacity, was negligent by his failure to promulgate, implement, maintain and/or enforce sufficient policies, procedures and/or training of Defendant Sheriff's Department employees in how to provide timely and reasonable medical care to detainees, and particularly Mr. Cottrell, who are in the care, custody and control of the Clark County Jail and who clearly evidence they have a  serious medical condition and needs.

120.     Mr. Cottrell seeks the Court to declare that Defendant Noel, acting in his official capacity, was negligent by being grossly deficient in staffing the Clark County Jail, its equipment, or its procedures such that Mr. Cottrell was effectively denied timely access to adequate medical care.

121.     Mr. Cottrell seeks the Court to declare that Defendant Jones, acting in his official capacity, was negligent by failing to staff, equip, or provide procedures such that Mr. Cottrell was effectively denied timely access to adequate medical care.

122.     Mr. Cottrell seeks the Court to declare that Defendant Jones, acting in his official capacity, was negligent by his failure to promulgate, implement, maintain and/or enforce sufficient policies, procedures and/or training of Defendant Sheriff's Department employees in how to provide timely and reasonable medical care to detainees, and particularly Mr. Cottrell, who are in the care, custody and control of the Clark County Jail and who clearly evidence severe medical needs.

123.     Mr. Cottrell seeks the Court to declare that Defendant Jones, acting in his official capacity, was negligent by being grossly deficient in staffing the Clark County Jail, its equipment, or its procedures such that Mr. Cottrell was effectively denied timely access to adequate medical care.

124.     Mr. Cottrell seeks the Court to declare that Defendant Hammond, acting in his official and personal capacities, was negligent by failing to follow policies and/or procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

125.     Mr. Cottrell seeks the Court to declare that Defendant Dooley, acting in his official and personal capacities, was negligent by failing to follow policies and/or

procedures designed to provide detainees, and particularly Mr. Cottrell, reasonable and timely medical care for his clearly evident and serious medical condition and needs.

126.    Mr. Cottrell seeks the Court to declare that Defendant Dooley, as a nurse acting in his personal capacity, was negligent in that the care he provided to Mr. Cottrell fell below the acceptable standard of care.

127.    Mr. Cottrell seeks the Court to declare that Defendant Kramer, as a nurse acting in her personal capacity, was negligent in that the care he provided to Mr. Cottrell fell below the acceptable standard of care.

128.    Mr. Cottrell seeks the Court to declare that Defendant French, as a physician acting in his personal capacity, was negligent in that the care he provided to Mr. Cottrell fell below the acceptable standard of care.

## VI.    GENERAL CAUSATION AND DAMAGES

129.    As a direct and proximate result of the foregoing Causes of Action, Mr. Cottrell has suffered and continues to suffer irreparable injuries relating to losses of income, property, and wealth and injury to physical and emotional health and general well-being.

130.    As a direct and proximate result of the foregoing counts, Mr. Cottrell has suffered damages as stated herein and in an amount to be proven at trial, plus an appropriate amount for his emotional pain and suffering, and punitive damages to be determined.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Greg Cottrell, prays this Court grant relief against the named Defendants under his claims as asserted above in the following manner including but not limited to:

a.    An award of full, fair and adequate compensation for all injuries, damages and

losses sustained and for costs herein laid out and expended;

b.  An award of punitive damages in an amount sufficient to deter Defendants from the conduct complained of herein;

c.  Declaratory relief as sought herein;

d.  An award of reasonable attorney's fees incurred as a result of this litigation;

e.  Pre and Post Judgment interest, and

f.  For all other necessary and proper relief in the premises.

## VIII.   **DEMAND FOR JURY**

Comes now Plaintiff, Greg Cottrell, by and through the undersigned counsel, and respectfully requests a trial by jury as to all claims asserted herein.

Respectfully Submitted,

Dated:  October 29, 2018

J. Clayton Culotta, #26733-11
815 E. Market Street
New Albany, IN 47150
Telephone No. (812) 941-8886
Facsimile No. (812) 941-8883
clayculotta@culottalaw.com